UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTOINETTE CALVERT, ) | |
| ) | |
| Plaintiff, ) | Case No. 14-cv-6145 |
| v. ) | |
| ) | Judge John W. Darrah |
| OFFICE DEPOT, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Antoinette Calvert, filed a Motion to Remand this case to the Circuit Court of Cook County, Illinois. Defendant, Office Depot, Inc., is opposed; and the issue has been fully briefed. For the following reasons, the Plaintiff's Motion to Remand [9] is denied.

## BACKGROUND

The Plaintiff filed a Complaint in the Circuit Court of Cook County on June 2, 2014. (Dkt. 1-1). The Complaint alleges: one count of negligence, one count of premises liability, and one count of *res ipsa loquitur*. (Dkt. 1-1.) The Complaint was served on Defendant by the Cook County Sheriff on June 9, 2014. (Dkt. 1-4.) On July 8, 2014, Defendant filed a Request to Admit Facts (the "Request") which contained the following:

> 1. Admit that Plaintiff is seeking damages in an amount greater than $75,000.00, exclusive of interests or costs.
> 2. Admit that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests or costs.
> 3. Admit that the Plaintiff is a citizen of Illinois.
> 4. Admit that the Plaintiff is not a citizen of Delaware or Florida.

(Dkt. 9-4.) Plaintiff filed her answer to the Request on August 5, 2014. (Dkt. 1-3.) For each of the four requests Plaintiff responded: "Admit. Insofar as Defendant attempts to use this admission as a basis for federal subject matter jurisdiction, Plaintiff objects on the basis that

there is a lack of complete diversity, as Defendant Office Depot, Inc. is a citizen of Illinois." (Dkt. 1-3.) Defendant filed a Notice of Removal on August 11, 2014. (Dkt. 1.) Plaintiff filed the current Motion to Remand on September 9, 2014. (Dkt. 9.)

## LEGAL STANDARD

In order for a case to be removable to federal court, the citizenship of the parties must be diverse and the amount in controversy must exceed $75,000. See 28 U.S.C. §§ 1332, 1441. Normally a notice of removal must be filed within thirty days of receipt of a copy of the complaint by a defendant or within thirty days of the service of summons upon the defendant. *See* 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable." (Emphasis added.) 28 U.S.C. § 1446(b)(3).

The proponent of federal jurisdiction "bears the burden to show that the removal was timely and that it meets all the criteria." Douthitt v. Arvinmeritor Inc., No. 13-cv-754, 2013 WL 5255677, at *2 (S.D. Ill. Sept. 17, 2013) (citing Ruppel v. CBS Corp., 701 F.3d 1176, 1179 (7th Cir. 2012)). The thirty-day time limit for removal "forces the defendant to make a prompt decision about removal once a pleading or other litigation document provides *clear notice* that the predicates for removal are present." (Emphasis added.) *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 823 (7th Cir. 2013). The removal clock begins only when the defendant receives a "pleading or other paper that *affirmatively and unambiguously* reveals that the predicates for removal are present." (Emphasis added.) *Id.* at 824.

2

## ANALYSIS

Plaintiff argues that, on its face, her Complaint was sufficient to trigger the thirty-day removal clock under 28 U.S.C. § 1446(b)(1).  Under this theory, the Defendant had until July 9, 2014, to file a notice of removal.  Plaintiff's Complaint alleged that she suffered "permanent and severe injuries which has caused Plaintiff to endure pain, suffering, disability, disfigurement, loss of a normal life, which requires her to seek medical care which continues in the future and to incur medical expenses."  (Compl. ¶¶ 21, 24.)  Courts have held that "when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount, thus triggering the 30–day removal period."  *McCoy by Webb v. General Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002).  The Complaint was sufficiently clear on its face that the damages sought exceeded the jurisdictional amount.

However, the Complaint did not allege Plaintiff's citizenship.  The Complaint refers to Plaintiff as "an invitee on the premises of 6 South State Street in Chicago, Illinois 60603." (Dkt. 1-1 at ¶ 4).  Plaintiff argues that Defendant had clues regarding her citizenship including an incident report from February 16, 2013, that listed her address in Illinois and the fact that she was in an Office Depot in Illinois.  (Dkt. 9, p. 11.)  However, the Seventh Circuit recently held that, "[a]ssessing the timeliness of removal should not involve a fact-intensive inquiry about what the defendant subjectively knew or should have discovered through independent investigation."  *Walker*, 727 F.3d at 825.  Rather, "the 30–day clock is triggered by pleadings, papers and other litigation materials actually received by the defendant or filed with the state court during the course of litigation."  *Id.*

3

Nothing in the Complaint establishes that the Plaintiff is an Illinois resident. The bare assertion that the Plaintiff was in Chicago when her injury occurred does not establish residency, much less citizenship. Further, the incident report was not a paper or pleading received during the course of investigation. Even if the Court construed the incident report "as other papers, they simply list an address for [Plaintiff], and as [Plaintiff] should know, complete diversity is based upon citizenship not residency." *Hernandez v. Schering Corp.*, No. 05-cv-0870, 2005 WL 1126911, at *2 (N.D. Ill. May 5, 2005). The mere listing of an address on a report filed sixteen months prior to the Complaint may establish residency, but it does not establish citizenship. *See America's Best Inns, Inc. v. Best Inns of Abeline, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("[C]itizenship means domicile, not residence.") (citing *Gilbert v. David*, 235 U.S. 561 (1915)). Plaintiff also argues that correspondence between a corporate liability officer and Plaintiff's attorney put Defendant on notice that she was an Illinois citizen. But this correspondence is not pleadings, papers, or other materials received by Defendant "during the course of litigation." *See Walker*, 727 F.3d at 825. Again, assessing timeliness is not a fact-intensive inquiry about what Defendant subjectively knew but is based on the materials received in the course of litigation.

The answers to the Request are materials actually received by Defendant during the course of litigation. Thus, when the Request was answered on August 5, 2014, the Defendant had information that affirmatively and unambiguously revealed that the predicates for removal were present. The removal clock started when Defendant received the answers; accordingly, the Defendant was within the thirty-day window when it filed its Notice of Removal on August 11, 2014.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Remand [9] is denied.

Date:     December 11, 2014          /s/ _____
                                         JOHN W. DARRAH
                                         United States District Court Judge