UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTOINETTE CALVERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 14-cv-6145 |
| OFFICE DEPOT, INC., | ) |
| THYSSENKRUPP ELEVATOR | ) Judge John W. Darrah |
| CORPORATION, | ) |
| THE SCHINDLER GROUP, LTD., and | ) |
| SCHINDLER ELEVATOR | ) |
| CORPORATION, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION AND ORDER

Plaintiff Antoinette Calvert filed a personal injury action in the Circuit Court of Cook County, Illinois, on June 2, 2014, under theories of negligence, premises liability, and *res ipsa loquitur* against Defendant Office Depot, Inc.. (Dkt. No. 1, Ex. A.) Office Depot removed the action to the Northern District of Illinois on August 11, 2014, pursuant to 28 U.S.C. § 1332(a), on the basis of complete diversity between the parties. (Dkt. No. 1.) Plaintiff subsequently filed her Second Amended Complaint on January 14, 2015, asserting additional claims against Defendant Thyssenkrupp Elevator Corporation ("TKE"), the Schindler Group, and Schindler Elevator Corporation. (Dkt. No. 30.) TKE moves to dismiss the counts against them, which allege negligence, premises liability, and *res ipsa loquitur*, pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant's Motion to Dismiss [40] is denied.

## BACKGROUND

The following facts are taken from Plaintiff's Second Amended Complaint[1], which are taken as true for purposes of deciding a motion to dismiss. *See Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). On February 6, 2013, Plaintiff Antoinette Calvert was in an Office Depot retail store in downtown Chicago. (Compl. ¶¶ 8-10.) An escalator connected the basement level to the main floor of the store. (*Id.* ¶ 11.) Plaintiff rode the escalator from the basement to the main floor, when the escalator suddenly jerked and came to a halt. (*Id.* ¶ 32.) As a result, Plaintiff fell and injured herself. (*Id.*)

Plaintiff does not allege a specific cause of the escalator stoppage, but rather asserts two theories. First, Plaintiff claims that an employee or agent of Defendant Office Depot manually caused the escalator to stop. (*Id.* ¶ 33.) Second, Plaintiff states that a malfunction, defect, or hazard in the escalator caused the occurrence. (*Id.* ¶ 34.) Plaintiff asserts that Office Depot contracted with TKE regarding the escalator within the retail store. (*Id.* ¶ 23.) According to Defendant's Motion, TKE is the maintenance company for the escalator. (Dkt. No. 40, ¶ 10.) Out of the eight claims alleged by Plaintiff against Defendants, three are against Defendant TKE: negligence (Count IV); premises liability (Count V); and *res ipsa loquitur* (Count VI).

## LEGAL STANDARD

Pursuant to Rule 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference

---

[1] Plaintiff's Second Amended Complaint is cited as (Compl. __ ).

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must take well-pleaded allegations in the complaint as true and read them in the light most favorable to the plaintiff. *Stewart Info. Servs. Corp.*, 665 F.3d at 934. This presumption is "inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Instead, the "complaint must provide the defendant with fair notice of what the claim . . . is and the grounds on which it rests." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

## ANALYSIS

### *Negligence*

In Count IV, Plaintiff alleges a common-law claim of negligence against TKE. Plaintiff sets forth two alternative theories of negligence based on the duty of care. First, Plaintiff alleges that TKE was "under certain duties imposed by law." (Compl., Count IV, ¶ 36.) Second, Plaintiff alleges that TKE was held to the high standard of care required of a common carrier. (*Id.* at ¶ 37.) Defendant argues that Plaintiff "misstates the duty of care" as "TKE is not a common carrier." (Dkt. No. 40, ¶ 10.) Defendant further argues that because TKE was the escalator maintenance company at the time of Plaintiff's fall, TKE should not be held to the heightened standard of care of a common carrier but, instead, to a standard of reasonable care. (*Id.* at ¶¶ 10-11.)

To sustain a cause of action for negligence in Illinois, "a plaintiff must plead that the defendant owed a duty of care to the plaintiff, that the defendant breached that duty, and that the breach was the proximate cause of the plaintiff's injuries." *Cowper v. Nyberg*, 28 N.E.3d 768, 772 (Ill. 2015). Plaintiff has alleged that TKE "leased, owned, occupied, maintained, possessed,

and/or controlled the premises." (Compl., ¶ 7.) "[T]he owner of a building in which an elevator is operated is a common carrier owing the highest degree of care to its passengers." *Gavoni v. Dobbs Houses, Inc.*, No. 95 C 1749, 1996 WL 147920, at *1 (N.D. Ill. Mar. 29, 1996) (citing *Suarez v. Trans World Airlines*, 498 F.2d 612, 616 (7th Cir. 1974); *Shoemaker v. Rush-Presbyterian-St. Luke's Medical Center*, 543 N.E.2d 1014 (Ill. App. Ct. 1989)). In contrast, maintainers of elevators and escalators are held to an ordinary standard of due care. *See Jardine v. Rubloff*, 382 N.E.2d 232, 236 (Ill. 1978); *Tolman v. Wieboldt Stores, Inc.*, 233 N.E.2d 33, 36 (Ill. 1968); *Stach v. Sears, Roebuck and Co.*, 429 N.E.2d 1242, 1253 (Ill. App. Ct. 1981). Particularly in the case of escalators, the duty of care is lowered as "a person on an escalator may actively participate in the transportation . . . and may contribute to his own safety." *Tolman*, 233 N.E.2d at 36. If Plaintiff can prove that TKE is the owner of the building, then the common carrier duty is applicable; if not, then an ordinary standard of due care applies. Defendant's Motion to Dismiss Count IV is denied.

*Premises Liability*

Count V alleges a premises liability claim against TKE. Illinois follows the Restatement of Torts in its approach to premises liability. *See*, *e.g.*, *Clifford v. Wharton Bus. Group, L.L.C.*, 817 N.E.2d 1207, 1211-12 (Ill. App. Ct. 2004). Section 343 of the Restatement provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
>> (a) knows or by the exercise of reasonable care would discover the condition and should realize that it involves an unreasonable risk of harm to such invitees, and
>> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>> (c) fails to exercise reasonable care to protect them against the danger.

4

Restatement (Second) of Torts § 343 (1965). Additionally, the Illinois Premises Liability Act abolished the traditional distinction in common law between invitees and licensees, thereby creating a duty of "reasonable care under the circumstances regarding the state of the premises or acts done or omitted on them." 740 Ill. Comp. Stat. 130/2 (2005).

Plaintiff argues that premises liability is applicable to TKE. Plaintiff alleges that her accident was a result of a malfunction, defect, or hazard in the escalator, which caused it to stop unexpectedly and that, as a result, she fell and injured herself. (Compl., Count V, ¶ 35.) She asserts TKE owed her a duty of reasonable care pursuant to the Premises Liability Act, or, alternatively, TKE was subject to the common carrier standard. (*Id.* ¶¶ 38-39.) Plaintiff then puts forth an extensive list of what TKE may have done to act negligently. (*Id.* ¶ 40.) As previously discussed, the common carrier standard applies to Defendant only if it is the owner of the building. Plaintiff has alleged that TKE "leased, owned, occupied, maintained, possessed, and/or controlled the premises." (Compl., ¶ 7.) Defendant argues that the Illinois Premises Liability Act also does not apply, as TKE does not own or possess the real estate on which the accident occurred. In *Kotecki v. Walsh Const. Co.*, an employee of a subcontractor hired to do construction work on a Home Depot was injured while completing this work. *Kotecki v. Walsh Const. Co.*, 776 N.E.2d 774, 775-76 (Ill. App. Ct. 2002). That court found that premises liability did not apply to the subcontractor, as Home Depot was the possessor and controller of the property. *Id.* at 779. "For a duty to arise under the Act, the defendant must possess and control the real property on which the injury occurred." *Id.*

Defendant requests that this Court take judicial notice that TKE is the escalator maintenance company and not the owner or occupier of the property. (Dkt. No. 40, ¶ 16.) Plaintiff argues that judicial notice may not be taken as this issue is subject to reasonable dispute,

as she asserts that TKE did own or occupy the property. (Dkt. No. 53, ¶¶ 19-21.) A court may take judicial notice of a fact that is not subject to reasonable dispute either because it "is generally known within the trial court's territorial jurisdiction" or it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). Whether TKE owns the property in question is not generally known within the jurisdiction, nor can it be readily determined from accurate sources. A court must take judicial notice if a party requests it and supplies the court with the necessary information to make that determination. Fed. R. Evid. 201(c)(1)-(2). Defendant has not supplied the information needed to take judicial notice. No affidavits or other documents have been filed to confirm that TKE is not the owner or possessor of the property. As such, judicial notice of this assertion is improper.

"Under the modern regime of the Federal Rules, the complaint need contain only factual allegations that give the defendant fair notice of the claim for relief and show the claim has 'substantive plausibility.'" *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, No. 14-1729, 2015 WL 2151851, at *3 (7th Cir. May 8, 2015). Plaintiff has sufficiently pled a premises liability claim against Defendant. Defendant's Motion to Dismiss Count V is denied.

*Res Ipsa Loquitur*

Count VI asserts negligence against the Defendant under the doctrine of *res ipsa loquitur*.[2] This doctrine creates an inference of negligence when the plaintiff cannot trace the

---

[2] Defendant TKE moved for judgment on the pleadings pursuant to FRCP 12(c) in regards to Count VI. However, Defendant TKE has not yet filed an answer to the Complaint. As the motion is premature, the 12(c) motion will be treated as a 12(b)(6) motion, which are reviewed under the same standard. *See Seber v. Unger*, 881 F. Supp. 323, 325 n.2 (N.D. Ill. 1995).

exact source of his or her injury based on the information available to them. In order for *res ipsa loquitur* to apply, the plaintiff must be injured: (1) in an occurrence that does not ordinarily occur without negligence, (2) by an instrumentality or agency in the control of the defendant, and (3) the occurrence must not be due to a voluntary act or negligence of the plaintiff. *See*, *e.g.*, *Smith v. Eli Lilly & Co.*, 560 N.E.2d 324, 339 (Ill. 1990). Control "is not a rigid standard, but a flexible one in which the key question is whether the probable cause of the plaintiff's injury was one which the defendant was under a duty to the plaintiff to anticipate or guard against." *Heastie v. Roberts*, 877 N.E.2d 1064, 1076 (Ill. 2007). In addition, Defendant need not have had physical control of the instrumentality, or escalator, at the time of the occurrence, as Plaintiff may show that Defendant had a non-delegable duty to maintain the escalator as a result of its dangerousness. *See Metz v. Cent. Ill. Elec. & Gas Co.*, 207 N.E.2d 305, 307 (Ill. 1965).

In her Complaint, Plaintiff sets out the requirements for *res ipsa loquitur*. Plaintiff argues that the escalator was within the exclusive control of TKE. (Compl., Count VI, ¶ 39.) Plaintiff states that the injuries she sustained would not have occurred if TKE had used reasonable care or the higher degree of care for common carriers. (*Id.* ¶ 40.) Finally, Plaintiff asserts that her injuries were not due to any voluntary act on her part. (*Id.* ¶ 41.) In turn, Defendant argues that TKE has never had exclusive control of the escalator, as the escalator is open to the public, and that the building owner is the party who has the capacity to frequently inspect the escalator. (Dkt. No. 40, ¶ 21.) But, again, control is a flexible standard determined by whether the defendant was under a duty to the plaintiff. *See Heastie*, 877 N.E.2d at 1076.

Plaintiff has set out factual allegations giving Defendant fair notice of the claim for relief and showing the claim has substantive plausibility. *Runnion ex rel. Runnion*, 2015 WL 2151851, at *3. Defendant's Motion to Dismiss Count VI is denied.

7

## CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss [40] is denied.

Date:    June 25, 2015       _____
JOHN W. DARRAH
United States District Court Judge